| STATE OF NORTH CAROLINA | File No. 10-CVS-17625 |
|---|---|
| Mecklenburg County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |  |
|---|---|
| Tammy Hatley | |
| Address | **CIVIL SUMMONS** |
| c/o Essex Richards, P.A. 1701 South Blvd. | ☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip | |
| Charlotte NC 28203 | G.S. 1A-1, Rules 3, 4 |
| VERSUS | |
| Name Of Defendant(s) | Date Original Summons Issued |
| City of Charlotte, North Carolina | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| City of Charlotte<br>600 E. 4th Street<br>Charlotte NC 28202 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | ☐ AM ☒ PM |
|---|---|---|---|
| Louis L. Lesesne, Jr.<br>Essex Richards, P.A.<br>1701 South Blvd.<br>Charlotte NC 28203 | 8/20/2010 | 3:30 | |
| | Signature | | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

TAMMY HATLEY,

      Plaintiff,

vs.

CITY OF CHARLOTTE, NORTH CAROLINA,

      Defendant.

## COMPLAINT

Plaintiff alleges:

1. Plaintiff Tammy Hatley (hereinafter "Hatley") is a citizen and resident of Mecklenburg County, North Carolina.

2. Defendant City of Charlotte, North Carolina, (hereinafter "the City") is a body politic, chartered by the General Assembly of the State of North Carolina, located in Mecklenburg County, North Carolina.

3. Hatley is employed, and has been since 1982, by the City as a sworn police officer in the City's police department. She was promoted on in December 1998 to the position of sergeant.

4. On September 5, 2008, Hatley was promoted from her previous position as a sergeant with the City's police department to the position of Response

Page 1

Area Commander.

5. On June 16, 2010, the City demoted Hatley from Response Area Commander to sergeant, without providing her with a hearing before the Civil Service Board of the City of Charlotte.

6. Section 4.61 of the Charter of the City of Charlotte, enacted by the North Carolina General Assembly, a copy of which is attached as Exhibit A and which is adopted by reference, provides, in § 4.61(u):

> Any demotions, except voluntary demotions, shall be made only after written charges are preferred and a hearing held before the Civil Service Board. Except as otherwise provided, demotions must be approved by a majority vote of the Board.

7. Upon information and belief, the City asserts that the assignment from sergeant to Response Area Commander is not a promotion and that consequently she was not demoted when she was removed from the position without being given a hearing before the Civil Service Board.

8. Among the factors which will show that Hatley's assignment to Response Area Commander was in fact a promotion are the following:

- Response Area Commanders receive a pay increase of 7 percent over the top pay for sergeant with their promotion.

- Response Area Commanders are provided with a take home car and are expected to respond to incidents regardless of the hour. Shift

Page 2

sergeants have no such responsibilities.

- Response Area Commanders wear a different rank insignia.
- The City has in its own official documents characterized the move to Response Area Commander as being a "promotion."
- Response Area Commanders manage, direct and supervise sergeants in the performance of their duties.
- Response Area Commanders perform sergeants' performance appraisals.
- Response Area Commanders have access to personnel information that sergeants do not have.
- Response Area Commanders sit on chain of command review board along with sergeants, reflecting that they constitute a separate rank and level in the chain of command.
- The City treats Response Area Commanders as being exempt under the Fair Labor Standards Act, whereas the City recognizes sergeants as being non-exempt and therefore entitled to be paid overtime.

*FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT*

9. Hatley re-alleges and adopts by reference, pursuant to Rule 10(c), N.C. Rules of Civil Procedure, the allegations of paragraphs 1 through 8.

10. The provision in the City Charter entitling Hatley to a hearing before

the Civil Service Board before she could be demoted constitutes a part of a contract between Hatley and the City of Charlotte.

11. In demoting Hatley without giving her a hearing before the Civil Service Board, the City breached the contract between Hatley and the City.

12. As a result of the City's breach, Hatley has been damaged in being denied compensation due under the Contract with the City.

*SECOND CLAIM FOR RELIEF: DUE PROCESS*
*(AMENDMENT XIV, U.S. CONSTITUTION)*
*and 42 U.S.C. § 1983*

13. Hatley re-alleges and adopts by reference, pursuant to Rule 10(c), N.C. Rules of Civil Procedure, the allegations of paragraphs 1 through 8 and 10 through 12.

14. Amendment XIV to the Constitution of the United States provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law."

15. Hatley had a property interest in continued employment in her position as a Response Area Commander, and that property interest could not be taken away without first providing the due process to which Hatley was entitled under the City Charter.

16. In demoting Hatley without affording her a hearing before the Civil Service Board of the City of Charlotte, the City denied Hatley due process of law.

17. The City is a "person," as that term is used in 42 U.S.C. § 1983.

18. In denying Hatley due process, guaranteed by Amendment XIV, the City has, under color of state statute, ordinance, regulation, custom, or usage, caused Hatley to be deprived of rights, privileges, or immunities secured by the Constitution and laws, *i.e.*, the right to due process, in violation of 42 U.S.C. § 1983.

### *THIRD CLAIM FOR RELIEF: CONTRACT CLAUSE (ARTICLE I, § 10, U.S. CONSTITUTION) and 42 U.S.C. § 1983*

19. Hatley re-alleges and adopts by reference, pursuant to Rule 10(c), N.C. Rules of Civil Procedure, the allegations of paragraphs 1 through 8, 10 through 12, and 14 through 18.

20. The Contract Clause of the United States Constitution, Article I, § 10, provides: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts...."

21. The City's action in demoting Hatley without giving her a hearing before the Civil Service Board impairs the contract between Hatley and the City.

22. In impairing the contract between Hatley and the City, the City has under color of state statute, ordinance, regulation, custom, or usage, caused Hatley to be deprived of rights, privileges, or immunities secured by the Constitution and laws, i.e., the right not to have the City impair her contract, in violation of 42

U.S.C. § 1983.

*FOURTH CLAIM FOR RELIEF: LAW OF THE LAND CLAUSE,
ARTICLE I, § 19, CONSTITUTION OF NORTH CAROLINA)*

23.  Hatley re-alleges and adopts by reference, pursuant to Rule 10(c), N.C. Rules of Civil Procedure, the allegations of paragraphs 1 through 8, 10 through 12, 14 through 18, and paragraphs 20 through 22.

24.  Article I, § 19 of the North Carolina State Constitution provides:

§ 19. Law of the land; equal protection of the laws.

No person shall be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land. No person shall be denied the equal protection of the laws; nor shall any person be subjected to discrimination by the State because of race, color, religion, or national origin.

25.  In demoting Hatley without affording her a hearing before the Civil Service Board, the City has deprived Hatley of property in violation of the law of the land, in violation of the North Carolina Constitution.

*FIFTH CLAIM FOR RELIEF: ARTICLE VII, § 1, NORTH CAROLINA
CONSTITUTION AND SESSION LAW 2000-26*

26.  Hatley re-alleges and adopts by reference, pursuant to Rule 10(c), N.C. Rules of Civil Procedure, the allegations of paragraphs 1 through 8, 10 through 12, 14 through 18, paragraphs 20 through 22 and paragraphs 24 through 25.

27. Article VII, § 1, of the Constitution of North Carolina, provides:

The General Assembly shall provide for the organization and government and the fixing of boundaries of counties, cities and towns, and other governmental subdivisions, and, except as otherwise prohibited by this Constitution, may give such powers and duties to counties, cities and towns, and other governmental subdivisions as it may deem advisable.

28. In Session Law 2000-26, the North Carolina General Assembly revised and consolidated the Charter of the City of Charlotte, including § 4.61.

29. S.L. 2000-26 limits and restricts the City to those powers defined therein by the General Assembly.

30. In failing to comply with the requirements of § 4.61 of the City Charter, the City has violated the North Carolina Constitution, in exercising rights in excess of those granted to it by the North Carolina General Assembly.

## *Prayer for Relief*

WHEREFORE, Hatley prays that judgment be entered against the defendant:

(a) Enjoining the defendant City of Charlotte, North Carolina, to reinstate Hatley to her position as Response Area Commander pending any decision by the Civil Service Board of the City of Charlotte;

(b) Compensating Hatley for all damages sustained as a result of the City's illegal and unconstitutional actions;

(c) Permanently enjoining the City from future violations of § 4.61(u) and

to comply with the cited provisions of the United States Constitution and the Constitution of North Carolina;

(d)   Awarding the costs of this action, including Hatley's attorney fees;l

(e)   For such other relief as may be required in order to make Hatley whole for the City's illegal and unconstitutional actions.

_____
Louis L. Lesesne, Jr.
NC State Bar No. 6723
Attorney for Plaintiffs
Essex Richards, P.A.
1701 South Blvd.
Charlotte NC 28203-4727
704-377-4300
Fax: 704-372-1357
Llesesne@essexrichards.com

_____
Norris A. Adams, II
NC State Bar No. 32552
Attorney for Plaintiffs
Essex Richards, P.A.
1701 South Blvd.
Charlotte NC 28203-4727
704-377-4300
Fax: 704-372-1357
nadams@essexrichards.com

PLAINTIFF DEMANDS TRIAL BY JURY
OF ALL ISSUES OF FACT